IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ALISA GOLZ,** *individually and as next friend of her minor children, P.G. and G.M.,* <br> *Plaintiffs* <br><br> **v.** <br><br> **TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, MAERETHA WILBURN, CHELSEA CAMPOS, BRIDGET O'SHAUGHNESSY, QUEST DIAGNOSTICS INC., OMEGA LABORATORIES INC., 13SCREEN LLC, TEXAS DRUG AND ALCOHOL TESTING SERVICES, INC., and JAMIE WALKER,** <br> *Defendants* | **CASE NO. 1:25-CV-01316-ADA-SH** |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT
        UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Alisa Golz's Amended Complaint filed August 20, 2025 (Dkt. 4) and Application to Proceed in District Court Without Prepaying Fees or Costs filed August 18, 2025 (Dkt. 2).[1]

### I.  Background

Plaintiff Alisa Golz brings this civil rights suit against the Texas Department of Family and Protective Services ("TDFPS"); TDFPS employees Maeretha Wilburn, Chelsea Campos, Jamie Walker, and Bridget O'Shaughnessy; and private laboratories Quest Diagnostics Inc., Omega

---

[1] The District Court referred all pending and future non-dispositive motions in this case to this Magistrate Judge for resolution and dispositive motions for report and recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the District Court's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

1

Laboratories Inc., 13Screen LLC, and Texas Drug and Alcohol Testing Services, Inc. Proceeding *pro se*, Golz alleges that TDFPS falsely accused her of exposing her unborn child to methamphetamines and fentanyl and neglecting and abusing her older son, P.G. Dkt. 4 at 3, 6. She also alleges that subsequent TDFPS investigations violated her due process rights and did not comply with the Texas Family Code; TDFPS investigators fabricated evidence and wrongfully removed her children from her custody in violation of her parental rights; and subsequent state court proceedings violated her constitutional rights.

Golz contends that Defendants' actions violated her First Amendment right to be free from retaliation for engaging in free speech; Fourth Amendment right to be free from unreasonable searches and seizures; Fifth Amendment right against self-incrimination; Fourteenth Amendment rights to due process and familial association; and right to reasonable accommodations during the state court proceedings under the Americans with Disabilities Act ("ADA"). *Id.* at 31-33. She also asserts a civil conspiracy claim under 42 U.S.C. § 1985 and a state claim for defamation. *Id.* at 33.

## II.    Application to Proceed *In Forma Pauperis*

Golz seeks leave under 28 U.S.C. § 1915(a)(1) to file her Complaint without having to prepay the filing fee or costs. Dkt. 2. Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if she shows by affidavit that she cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing her application, the Court finds that Golz cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Golz *in forma pauperis*

status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or if, under § 1915(e)(2), the action is found to be frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against an immune defendant. The Court also may impose costs of court against Golz at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### III. Review Under Section 1915(e)(2)

Because Golz has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her complaint under 28 U.S.C. § 1915(e)(2).

### A. Legal Standard

A court shall dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Doe v. Charter Commc'ns, L.L.C.*, 131 F.4th 323, 328 (5th Cir. 2025) (quoting *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013)). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but a plaintiff's *pro se* status offers "no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## B. Analysis

It is unclear whether Golz challenges a final state court order or ongoing child custody proceedings, but either way, this Magistrate Judge recommends dismissal for failure to state a claim on which relief may be granted.

If Golz's claims implicate a final state court order, they are barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). When a district court "is confronted with issues that are inextricably intertwined with a state judgment, the court is in essence being called upon to review the state-court decision, and the originality of the district court's jurisdiction precludes such a review." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (citations omitted). Litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts framed as civil rights suits. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). The only federal recourse for constitutional questions arising in state court proceedings is application for *writ of certiorari* to the United States Supreme Court. *Id.*

If Golz is challenging ongoing child custody proceedings, her claims fall under the domestic relations exception and the *Younger* abstention doctrine. Under the domestic relations exception,

> federal courts have traditionally refused to take cases involving marital status or child custody. The courts have reasoned that (1) the state courts have greater expertise and interest in domestic matters; (2) such disputes often require ongoing supervision, a task for which the federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees; and (4) such cases serve no particular federal interest, while crowding the federal court docket.

> . . . The decisive factor is not the formal label attached to the claim (tort, contract, etc.), but the type of determination that the federal court must make in order to resolve the case. If the federal court must determine which parent should receive custody . . . or whether a previous court's determination on these matters should be modified, then the court should dismiss the case.

*Rykers v. Alford*, 832 F.2d 895, 899-900 (5th Cir. 1987). This Magistrate Judge recommends that the District Court decline to exercise jurisdiction over Golz's claims under the domestic relations exception because none of her claims can be resolved without determining her right to custody.

The *Younger* abstention doctrine also applies to Golz's claims challenging ongoing state court proceedings. Under *Younger v. Harris*, 401 U.S. 37, 44 (1971), a federal court must abstain from interfering in a state proceeding by granting equitable relief when (1) the dispute involves an ongoing state judicial proceeding, (2) the subject matter of the state proceeding implicates an important state interest, and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Diaz v. Wigington*, No. 5:24-CV-00887-JKP, 2024 WL 4339999, at *2 (W.D. Tex. Sept. 26, 2024). *Younger* applies because custody orders are important state interests, *Haaland v. Brackeen*, 599 U.S. 255, 276 (2023), and Golz does not allege that she could not raise these claims in the ongoing state proceedings.

## IV.    Order

The Court **GRANTS** Plaintiff Golz's Application to Proceed *In Forma Pauperis* (Dkt. 2) under 28 U.S.C. § 1915(a)(1).

## V.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** with prejudice Golz's suit under 28 U.S.C. § 1915(e)(2).

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

## VI.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 30, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE